Greg Smith (USB 6657)
GREG SMITH AND ASSOCIATES
111 East 5600 South #105
Murray, UT 84107
Telephone 801-641-3397
Email: gs@justiceinutahnow.com

*Attorney for Plaintiff, Cristina Ocasio*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRISTINA OCASIO,<br>         Plaintiff,<br><br>*vs.*<br><br>KIM SPENCHIAN AND JACK GARZELLA.<br><br>         Defendant. | **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY**<br><br>Civil Number<br><br>District Judge |

Plaintiff files this Complaint and complains against Defendant as follows:

### I. PARTIES

Cristina Ocasio is an individual citizen, who resides in Utah, and Defendants are also both Utah citizens.

### II. JURISDICTION AND VENUE

The Court has jurisdiction under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. 201, et seq.  The Court also has supplemental jurisdiction pursuant to 28 U.S. Code

1

§ 1367. Supplemental jurisdiction is needed for "gap time," in other words, for wages that were earned above and beyond minimum wage, but perhaps not part of overtime hours.[1] Venue is proper in this Court (pursuant to 28 U.S.C. § 1391) because the activities either took place in Utah County, State of Utah, or that is where Defendant reside.

### III. STATEMENT OF FACTS

1. At all times while working for Defendants, Plaintiff worked for a company that grossed more than $500,000 per year, and had more than two full-time employees, and Defendant were "employers" within the meaning of the FLSA.

2. For purposes of the FLSA, Defendant worked for - and "employed" Plaintiff under - a "covered enterprise" under the FLSA.

3. Defendants were Plaintiff's employers per 29 U.S.C. § 201, et. seq. of the FLSA, and pursuant to 29 U.S.C. § 215(a)(3).

4. At all times while working for Defendants, Plaintiff was a non-exempt employee under FLSA.

---

[1] Plaintiff is seeking what she is owed under the FLSA, plus "gap time," and Utah state claims such as breach of contract and unjust enrichment/quantum meruit. In other words, for wages for fewer than forty hours per week at a rate greater than the minimum wage-which are not recoverable under the FLSA. Plaintiff's recovery of such "gap time" wages is premised on the notion that an employer may not be liable under the FLSA "as long as the overall earnings for the non-overtime workweek in which the gap time hours worked equal or exceeded the amount due at the FLSA minimum wage for all hours worked in that week, including gap time hours." Federal Courts have allowed such claims for unjust enrichment or quantum meruit to proceed when the claim seeks something more than what the FLSA can provide—such as regular wages not paid at the contracted rate or "gap time" wages. *See* Tommey v. Computer Scis. Corp., No. 11-CV-02214-EFM-GLR, 2013 WL 1000659, at *2 (D. Kan. Mar. 13, 2013); *Sanchez v. Haltz Construction, Inc.*, 2012 WL 13514, *8 (N.D.Ill. Jan. 4, 2012) (citing *Nicholson v. UTi Worldwide, Inc.*, 2010 WL 551551, at *5 (S.D.Ill. Feb. 12, 2010)); *Osby v. Citigroup, Inc.*, 2008 WL 2074102, *2 (W.D.Mo. May 14, 2008).

5. Defendants did not properly pay Plaintiff overtime wages per Utah and Federal laws.

6. Plaintiff was hired by Defendants on or about September 2015.

7. Her job duties were non-exempt.

8. Plaintiff would work upwards of 40-50 hours per week.

9. Plaintiff was terminated from her position on or about October 2017.

10. When Plaintiff was first hired on salary for $45,000 per year.

11. After a few months of working, Defendants had failed to pay Plaintiff what she was owed.

12. In order to get caught up on the back pay, Defendants asked Plaintiff to sign an additional contract stating that Defendant would pay Plaintiff twelve (12) dollars per hour.

13. Defendants also promised to provide Plaintiff with bonuses that would supplement her $45,000 per year salary.

14. Plaintiff signed this document because of the promised bonuses

15. Plaintiff experienced at least two (2) consecutive months without receiving a paycheck, with no explanation from the Defendant.

16. In addition, Plaintiff also did not receive any of the bonuses she was promised.

17. While Plaintiff was not getting paid for her work performed, while other employees were getting paid.

18. In addition, Defendants continued to hire new employees, despite not compensating Plaintiff for her hard work.

19. Though Plaintiff was classified as a salary employee, Plaintiff was still getting paid hourly, qualifying Plaintiff for overtime pay.

20. Though Defendants had a regular pay period, Plaintiff was never paid by Defendants on the specific dates laid out by Defendant.

21. Plaintiff continually asked Defendants why she was not receiving her pay checks, which Defendants constantly ignored.

22. She suffered retaliation from Defendants due to these inquiries per the Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b)

### IV. CAUSE OF ACTION

23. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above.

24. The FLSA requires covered employers to pay a minimum wage and overtime wages.

25. Defendants were a covered employer the entire time Plaintiff worked for Defendants.

26. While working for Defendants, Plaintiff was a non-exempt employee, who often worked beyond forty (40) hours in her workweeks, but Defendants failed to pay her overtime wages.

27. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), 29 USC §§ 206-207 and other laws entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs when their

employer has failed to pay minimum wages or overtime, for which Plaintiff prays.

28. At all times relevant to this action, Defendants willfully failed and refused to pay Plaintiff both federal minimum wages and overtime wages required by the FLSA to Plaintiff's.

29. Any other claims that the foregoing facts may elicit.

### V. JURY DEMAND

30. Plaintiff demands a jury trial.

### VI. PRAYER FOR RELIEF

31. Order that Defendants pay all statutory and compensatory damages as a result of their unlawful conduct such as liquidated damages (an equal amount of the unpaid overtime), attorney fees, and costs of this action.

DATED this 12th day of March, 2018.

GREG SMITH & ASSOCIATES

/s/Gregory B. Smith_____
*Attorney for Plaintiff*
Cristina Ocasio