Jamie L. Nopper, #10703
Mark C. Rose, #13855
**MCKAY, BURTON & THURMAN, P.C.**
Gateway Tower West
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail:  jnopper@mbt-law.com
E-mail:  mrose@mbt-law.com
*Attorneys for Defendants Kim Spenchian and Jack Garzella*

---

### THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| CRISTINA OCASIO,<br><br>     Plaintiff,<br><br>vs.<br><br>KIM SPENCHIAN AND JACK GARZELLA,<br><br>     Defendants. | **ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Case No. 2:19-cv-170-CW-DBP<br><br>Magistrate Judge Dustin B. Pead<br><br>**FILED ELECTRONICALLY** |

---

Defendants Kim Spenchian ("Mr. Spenchian") and Jack Garzella ("Mr. Garzella") (collectively "Defendants"), by and through undersigned counsel, hereby answer Plaintiff Cristina Ocasio's ("Plaintiff") *Complaint* (the "Complaint"), which was filed on March 12, 2019.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, including all causes of action set forth therein, fails to state a claim against Defendants upon which relief can be granted.

As to each numbered paragraph in the Complaint, Defendants answer as follows:

## ANSWER TO PARTIES

Defendants admit Mr. Garzella is a Utah citizen.  Defendants deny Mr. Spenchian is a Utah citizen.  Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in the "I. Parties" paragraph of the Complaint and therefore deny the same.

## ANSWER TO JURISDICTION AND VENUE

The "II. Jurisdiction and Venue" paragraph of the Complaint states a legal conclusion to which no admission or denial is required.  Therefore, Defendants deny the allegations in the "II. Jurisdiction and Venue" paragraph of the Complaint.

## ANSWER TO STATEMENT OF FACTS

1.      Defendants deny the allegations in paragraph 1 of the Complaint.

2.      Defendants deny the allegations in paragraph 2 of the Complaint.

3.      Defendants deny the allegations in paragraph 3 of the Complaint.

4.      Defendants deny the allegations in paragraph 4 of the Complaint.

5.      Defendants deny the allegations in paragraph 5 of the Complaint.

6.      Defendants deny the allegations in paragraph 6 of the Complaint.

7.      Defendants deny the allegations in paragraph 7 of the Complaint.

8.      Defendants deny the allegations in paragraph 8 of the Complaint.

9.      Defendants deny the allegations in paragraph 9 of the Complaint.

10.     Defendants deny the allegations in paragraph 10 of the Complaint.

11.     Defendants deny the allegations in paragraph 11 of the Complaint.

12.     Defendants deny the allegations in paragraph 12 of the Complaint.

13.     Defendants deny the allegations in paragraph 13 of the Complaint.

14.     Defendants deny the allegations in paragraph 14 of the Complaint.

15.     Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants deny the allegations in paragraph 17 of the Complaint.

18.     Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants deny the allegations in paragraph 19 of the Complaint.

20.     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

## ANSWER TO CAUSE OF ACTION

23.     Defendants incorporate the preceding paragraphs by reference as if fully set forth herein.

24.     Paragraph 24 of the Complaint states a legal conclusion to which no admission or denial is required. Therefore, Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint states a legal conclusion to which no admission or denial is required. Therefore, Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Defendants deny the allegations in paragraph 28 of the Complaint.

29.     Defendants deny the allegations in paragraph 29 of the Complaint.

## ANSWER TO JURY DEMAND

30.     Defendants do not oppose Plaintiff's demand for a jury trial.

## ANSWER TO PRAYER FOR RELIEF

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

**WHEREFORE**, Defendants deny Plaintiff's prayer for relief and request that Plaintiff's complaint be dismissed, that Plaintiff take nothing by way of the Complaint, and that Defendants be awarded costs and expenses of defending this action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her admissions and filings in the bankruptcy case of Flying Software Labs, Inc. (United States Bankruptcy Court for the District of Utah – Case 18-28848), including, but not limited to, the proof of claim filed therein, and the case of Cristina Ocasio v. Flying Software Labs (United States District Court for the District of Utah – 2:18-cv-00093-HCN-EJF.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred the Fair Labor Standards Act of 1938 (29 U.S.C. 201, et seq.) ("FLSA"), as amended, because Defendants were not Plaintiff's employer as that term is used in the FLSA.

## SIXTH AFFIRMATIVE DEFENSE

Defendants allege and incorporate by reference all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure either presently available or which may become available as discovery is conducted, specifically including, without limitation, accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional defenses to the extent that such defenses become known as a result of discovery or otherwise.

DATED this 14th day of August, 2019.

**MCKAY, BURTON & THURMAN, P.C.**

_____/s/ Mark C. Rose_____
Mark C. Rose
*Attorneys for Defendants Kim Spenchian
and Jack Garzella*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 14th day of August, 2019, a true and correct copy of the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** was served as indicated below:

TO:                                              BY WAY OF:

|                                   |       |                          |
|-----------------------------------|-------|--------------------------|
|                                   | (  )  | First-Class Mail         |
| Greg Smith and Associates         | (  )  | Hand-Delivered           |
| c/o Greg Smith                    | (X)   | Electronic Filing Notice |
| 111 East 5600 South, #105         | (  )  | Facsimile                |
| Murray, Utah 84107                | (  )  | E-mail                   |
| E-mail: gs@justiceinutahnow.com   |       |                          |

/s/ Mark C. Rose